# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| SHARON M. GUTHRIE,<br><br>                        **Plaintiff,**<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>                        **Defendant.** | **No.**<br><br>**JURY DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Sharon M. Guthrie, by and through counsel, and pursuant to the Federal Tort Claims Act, Title 28 of the United States Code, Sections 2671-2680, and hereby brings this Complaint for recovery of lawful damages as a result of a motor vehicle collision that occurred on December 15, 2020, in McMinn County, Tennessee, which is described more particularly as follows:

1. The Plaintiff, Sharon M. Guthrie, is a citizen and resident of McMinn County, Tennessee.

2. Pursuant to the Federal Tort Claims Act, Title 28 of the United States Code, Sections 2671-2680, jurisdiction and venue are properly before this Honorable Court.

3. On or about December 15, 2020, at approximately 9:50 AM, Sharon M. Guthrie was lawfully traveling South in the left travel lane on Highway 30 near its intersection with County Road 603 (otherwise known as Chestuee Road) to the right, and County Road 550 (otherwise known as Casey Gap Zion Hill Road) to the left.

4. At the same time and place, a large PLS (Palletized Load System) truck was also traveling East on Highway 30 in the right lane, directly in front of Sharon M. Guthrie.

5. Upon information and belief, the PLS truck traveling in front of Sharon M. Guthrie was owned by The United States Department of the Army and was operated by Samuel Anderson, a technician employed by the Tennessee National Guard under 32 U.S.C. 709.

6. At all times relevant herein, Samuel Anderson was acting in his capacity as an employee of the United States as a technician employed by the Tennessee National Guard under 32 U.S.C. 709.

7. Samuel Anderson's tortious acts described below are therefore imputed to the United States pursuant to the Federal Tort Claims Act, Title 28 of the United States Code, Sections 2671-2680.

8. Under the FTCA, the United States has waived its sovereign immunity as to Samuel Anderson's tortious actions described below.

9. At or near the intersection described above, Highway 30 is a four-lane highway with two travel lanes and one left turn lane heading South, and two travel lanes and a left turn lane heading North, divided by a grassy median in the center.

10. As the PLS truck operated by Samuel Anderson approached the intersection described above, it made a right turn onto County Road 603 (otherwise known as Chestuee Road).

11. After observing the PLS truck turn right onto County Road 603, Sharon M. Guthrie continued straight on Highway 30 heading South in the left travel lane.

12. Suddenly and without warning, the PLS truck made a sharp left turn in a negligent and reckless attempt to complete a "U-turn" back onto Highway 30 heading North.

13. While attempting the "U-turn" described above, the PLS truck violently collided with Sharon M. Guthrie's vehicle.

14. As a direct and proximate result of the collision, Sharon M. Guthrie suffered property damage, including the total loss of her vehicle.

15. As a direct and proximate result of the collision, Sharon M. Guthrie suffered serious disabling and permanent physical injuries that required significant medical treatment, including surgery.

16. As a direct and proximate result of the impact, Sharon M. Guthrie has been caused to pay or become obligated to pay for necessary medical care and treatment past, present, and future.

17. Samuel Anderson had a duty to exercise due care in the operation of the PLS truck on the roadways of Tennessee, and to exercise due care for the safety of the driving public and public at large. His breach of those duties directly and proximately caused serious injuries and losses to Sharon M. Guthrie.

18. Samuel Anderson, acting in his capacity as an employee of the United States, is guilty of the following acts of negligence, which caused or contributed to the cause of Sharon M. Guthrie's injuries and damages:

    (a) Failure to maintain a proper look out ahead.

    (b) Failure to maintain the PLS truck under proper control.

    (c) Operation of the PLS truck with a careless and reckless disregard for the safety of other users of the road and highways.

    (d) Failure to devote full time and attention to the driving and operation of the PLS truck in order to prevent a collision with another vehicle.

    (e) Failure to change or deviate his course of travel when they knew of or should have known, in the exercise of due care, that a collision was imminent.

    (f) Driving distracted.

    (g) Failure to yield.

19. Samuel Anderson breached these duties to Sharon M. Guthrie while acting in his capacity as an employee of the United States, causing severe injuries, and the United States is thus guilty of negligence.

20. Plaintiff further alleges that Samuel Anderson was guilty of violating the following statutes of the State of Tennessee while acting in his capacity as an employee of the United States, which were in effect at the time of the collision, the violation of which constitutes negligence *per se*:

    (a) T.C.A. §55-8-103. Required obedience to traffic laws.

    (b) T.C.A. § 55-8-136. Drivers to exercise due care.

    (c) T.C.A. § 55-8-197. Failure to yield.

    (d) T.C.A. § 55-8-109. Obedience to any required traffic-control device.

21. Samuel Anderson's tortious while acting as an employee of the United States, as alleged above, directly and proximately caused serious physical and financial injuries to Plaintiff. As a result of the incident which is the subject of this action, Plaintiff has suffered and seeks to recover for the following injuries and damages:

    (a) Past medical bills;

    (b) Future medical bills;

    (c) Past physical pain and mental anguish;

(d) Future physical pain and mental anguish;

(e) Past and future inability to enjoy the normal pleasures of life;

(f) All other damages proven at trial to be so entitled.

**WHEREFORE**, as damages, Plaintiff demands judgment against The United States in the amount of $792,000.00 to be proven at trial on the merits which will fairly and adequately compensate Plaintiff for injuries and all other damages sustained and all costs incurred in prosecuting this action. Plaintiff demands trial by jury and such other and further relief to which she may prove entitled.

Respectfully submitted,

**WETTERMARK KEITH, LLC**

BY: /s/Nathan Evans
NATHAN E. EVANS, BPR #024412
*Attorney for the Plaintiff*
1232 Premier Drive, Suite 325
Chattanooga, TN 37421
(205) 479-3810
(205) 747-4993 Facsimile
*nevans@wkfirm.com*