UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON GUTHRIE,<br><br>                            **Plaintiff,**<br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>                            **Defendant.** | **No. 1:22-cv-00162**<br>**JUDGE CORKER**<br><br>**JURY DEMANDED** |

### MOTION FOR EXTENSION OF TIME TO DISCLOSE REBUTTAL EXPERT

**COMES NOW** Plaintiff, by and through counsel, and moves the Court for an extension of time to disclose her rebuttal expert until January 16. In support of the Motion, Plaintiff shows the following:

### GOOD FAITH CERTIFICATION

This Motion, as filed, should not be necessary. Plaintiff's counsel attempted to confer with counsel for the government regarding the relief sought. Initially, counsel for the government replied that he "generally d[id] not intend to oppose a reasonable extension," but would like to see a draft of the motion first. Undersigned counsel emailed a draft of the motion, as requested. Amid negotiating revisions to the draft, the government changed course, because counsel for the government suddenly "d[id] not want to set a precedent of joining a motion to extend the opposing party's expert deadline."[1]

---

[1] Whatever precedential value counsel's position holds, it was already "set" when the parties filed a joint motion to, *inter alia*, "extend the…expert deadline" on September 26, 2023. *See* doc. 23.

*Page 1 of 5*

**SUMMARY OF FACTS IN DISPUTE**

This case stems from a collision on Hwy. 30 in McMinn County, Tennessee. At deposition, Ms. Guthrie, who is fifty-six, testified that she was traveling from her house in Athens to her mother's house. Guthrie Dep. Tr. 9:4-5, 83:6-8. At the time, her primary vehicle was a 2011 Ford Mustang. *Id*. at 81:5-7. But on the day of the collision, she providentially made a last-minute decision to drive a large Dodge Ram truck instead. *Id*. at 81:8-16. This is a photo of the truck Ms. Guthrie was driving at the time of the collision:



*See* Government Expert Disclosures ("Norris Report") at p. 15 of 29.

As Ms. Guthrie testified, she was traveling in the left lane of the highway when a large military vehicle, driven by Samuel Anderson, turned into her from the right lane. *See e.g. id*. at 95:2-6.

This is a photo of the large military vehicle, an Oshkosh Palletized Load System (PLS) M1075 that collided with Ms. Guthrie's truck:



Photograph 5: Vehicle 2 Damage (Source: Client)

*See* Norris Report at p. 18 of 29.

As advertised by its manufacturer, a PLS "enables efficient supply and equipment distribution in even the most treacherous environments." *See* Oshkosh Defense Heavy Tactical Vehicles website available at https://oshkoshdefense.com/vehicles/heavy-tactical-vehicles/pls-a1/.

In order to avoid liability for this collision between a woman on her way to visit her aging mother, and a vehicle designed for "the most treacherous environments," the government, with the

assistance of its expert, is advancing the theory that its driver was in fact making a proper left turn. In the government's version of the facts, it was Ms. Guthrie who was at fault for the accident. *See generally*, Norris Report. Ms. Guthrie was apparently so impatient to get around the PLS, that she moved into the left turn lane to make an illegal pass around the PLS.

To reach this conclusion, the government's expert compares the "Significant Testimony" of Ms. Guthrie and Samuel Anderson. *See* Norris Report at p. 7 of 29. In fact, Mr. Norris compares the transcript of Ms. Guthrie's deposition testimony with "a statement on December 11, 2023" by "Mr. Samuel Anderson (driver of Vehicle 2)." Turns out Samuel Anderson's "statement" is a Declaration produced by the government only *after* receiving an earlier draft of this Motion.

According to counsel for the government, "[s]ince [Plaintiff] had neither taken Mr. Anderson's deposition nor sent any interrogatories by the time the expert disclosure was due, Mr. Anderson provided this statement in order for Mr. Norris to have a sworn version of his side of the story to consider in his analysis." Plaintiff had not "taken Mr. Anderson's deposition by the time the expert disclosure was due" because the parties have been working collaboratively to schedule Samuel Anderson's deposition **since June 26, 2023**. Several scheduling conflicts have arisen, including, *inter alia*, Mr. Fair welcoming a new child, various illnesses, Ms. Guthrie's medical treatment, and presumably Samuel Anderson's service obligations.

At bottom, this dispute turns primarily on the credibility of the witnesses, i.e. the need for Samuel Anderson to tell "his side of the story," more than any interpretation of technical or scientific data.

## BASIS FOR MOTION

Because this case depends upon the testimony of Ms. Guthrie and Samuel Anderson, more than any interpretation of technical or scientific data, Plaintiff's rebuttal expert ought to have the opportunity to compare two deposition transcripts, not one deposition transcript and a Declaration not disclosed until three days before the rebuttal expert deadline. Disclosed or not, a Declaration prepared with the assistance of counsel and signed by a witness is not equivalent in its "significan[ce]" to testimony offered under cross examination during a deposition.

After several rescheduling efforts, the parties have agreed to conduct Samuel Anderson's deposition on January 9, 2024. Plaintiff submits that her rebuttal expert should be given the opportunity to review the sworn testimony of Samuel Anderson once it is transcribed following his deposition on January 9, 2024, before making a disclosure. For this reason, Plaintiff requests an extension of time until January 16, 2024, to disclose her rebuttal expert.

RESPECTFULLY SUBMITTED this 31st day of December, 2023.

*/s/ Cameron C. Kuhlman*
CAMERON C. KUHLMAN
Georgia Bar Number: 596159
*Attorney for Plaintiff*

**WETTERMARK & KEITH, LLC**
1232 Premier Drive, Suite 325
Chattanooga, TN 37421
Phone: (423) 933-1080
Fax: (205) 460-2596
ckuhlman@wkfirm.com