IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON M. GUTHRIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-CV-162-DCLC-SKL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO DISCLOSE REBUTTAL EXPERT**

The United States of America, by and through Francis M. Hamilton III, hereby responds in opposition to the Plaintiff's Motion for Extension of Time To Disclose Rebuttal Expert (Doc. 25), as follows:

1. Plaintiff's counsel unnecessarily mischaracterizes and distorts statements made by Defendant's counsel numerous times in the Motion for Extension of Time to Disclose Rebuttal Expert. (Doc. 25.)

2. On November 2, 2023, Plaintiff submitted expert disclosures to Defendant. Despite knowing that the cause of the motor vehicle collision at issue in this case was in dispute (*See* Defendant's Answer, Doc. 13), Plaintiff disclosed no expert offering opinions with respect to the cause of the motor vehicle collision.

3. On December 14, 2023, Defendant submitted expert disclosures to Plaintiff. (*See* Defendant's Expert Disclosures, Doc. 25-2.) These expert disclosures included the Expert Report of James Norris II., P.E., who offers opinions with respect to the cause of the motor vehicle collision. (*See Id*.) At the time the Defendant's expert disclosures were due, Plaintiff had neither submitted written discovery requests to Defendant nor taken the deposition of the driver involved

in the motor vehicle accident, Samuel Scott Anderson.[1] Because there was no sworn account of the motor vehicle collision from Mr. Anderson in the record of this lawsuit, Mr. Anderson provided a sworn Declaration on December 11, 2023 for Mr. Norris to rely upon in his report. (*See* Declaration of Samuel Scott Anderson, Doc. 25-3.) This portion of the Declaration discussing the cause of the collision was summarized in full within Mr. Norris's Expert Report. (*See* Doc. 25-2.)

4. On December 21, 2023, Plaintiff's counsel communicated to Defendant's counsel his intention to move for an extension of time to file a rebuttal expert disclosure, and asked whether Defendant's counsel intended to oppose the motion. Defendant's counsel informed Plaintiff's counsel that he generally did not intend to oppose a reasonable request, but would need to see the proposed motion before being able to confirm whether or not the motion would be opposed.

5. On December 28, 2023, Plaintiff's counsel sent Defendant's counsel a proposed motion, and Defendant's counsel responded with certain objections to the motion. The original draft motion referenced Plaintiff not receiving the Declaration of Samuel Scott Anderson (Doc. 25-3), despite the fact that Plaintiff never previously requested it. Defendant provided a copy of the Declaration of Samuel Scott Anderson on December 28, 2023. Further, Defendant's counsel informed Plaintiff's counsel that he would not oppose an extension of time to January 16, 2024 for Plaintiff to disclose a rebuttal expert, as long as there was a reciprocal extension of the January 17, 2024 discovery cut-off[2] and the January 31, 2024 dispositive motion deadline[3].

---

[1] The deposition of Mr. Anderson was scheduled at one point for September 14, 2023, with the deposition of Plaintiff and her husband scheduled for the day prior, but the parties agreed to reschedule all of the party depositions based on a scheduled surgery for Ms. Guthrie. Plaintiff did not make another request to depose Mr. Anderson again until December 14, 2023.

[2] This deadline would need to be extended in order to allow Defendant the opportunity to take the deposition of a currently unknown expert who may be disclosed for the first time on January 16, 2024.

[3] The need for this extension is based on the likelihood that it would be difficult to prepare for and schedule the deposition of the unknown newly disclosed Plaintiff's expert and get the transcript back prior to January 31, 2024.

6. Plaintiff's counsel submitted a revised draft motion to Defendant's counsel on December 29, 2023, and Defendant's counsel informed Plaintiff's counsel that this version of the motion for extension of time could be filed as unopposed. However, even though the motion itself was not styled as a "joint motion," Plaintiff's counsel stated that it should be filed as a joint motion. Defendant's counsel informed Plaintiff's counsel that Defendant would not be joining the motion[4], but it could be filed as unopposed. In response to this, Plaintiff's counsel informed Defendant's counsel that the Defendant could file its own motion to extend the discovery cut-off and the dispositive motion deadline. Defendant's counsel informed Plaintiff's counsel that Defendant would have to oppose the motion if it does not request reciprocal extensions of those deadlines. In response to that, Plaintiff's counsel has apparently chosen a scorched Earth approach in the instant motion.

7. With the exception of the previously discussed mischaracterizations and distortions contained therein, Defendant's only opposition to Plaintiff's Motion for Extension of Time To Disclose Rebuttal Expert (Doc. 25) is the fact that it creates an impossible situation with respect to deposing an unknown expert who may be disclosed by the Plaintiff for the first time on January 16, 2024, and being able to rely on testimony from that unknown expert in a potential dispositive motion if the current January 17, 2024 discovery cut-off and the January 31, 2024 dispositive motion deadline remain in place.

WHEREFORE, Defendant opposes Plaintiff's motion because it does not request reciprocal extensions of the discovery cut-off and the dispositive motion deadline.

---

[4] The precedent that Defendant's counsel referenced in the statement quoted in Plaintiff's motion was joining a motion that benefited only the Plaintiff, as the September 26, 2023 joint motion benefitted all parties. The extension of Plaintiff's rebuttal expert deadline provides no benefit to Defendant.

Respectfully Submitted,

Francis M. Hamilton III
United States Attorney

/s/ J. Spencer Fair
J. Spencer Fair, BPR #028069
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Spencer.Fair@usdoj.gov
Telephone: (865) 545-4167