IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SHARON M. GUTHRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-CV-162-DCLC-SKL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESS JAMES E. NORRIS, II

The United States of America, by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, submits this Response in Opposition to the Plaintiff's Motion to Exclude Defendant's Expert Witness, James E. Norris, II (Doc. 31) ("Plaintiff's Motion").

Plaintiff urges the Court to preclude the United States' accident reconstructionist, James E. Norris II, from opining at trial that the United States' Paelletized Loading System ("PLS") was traveling in the left lane of Highway 30 prior to the collision. (*See generally* Doc. 31.)[1]  Plaintiff maintains that Mr. Norris's aforementioned conclusion is based solely on "the subjective statements of parties and witnesses" and therefore constitutes an impermissible "credibility determination in a he-said/she-said dispute."  (Doc. 31, pp. 1, 9.)

---

[1] Plaintiff's Motion broadly implores the Court to "exclude the testimony of Mr. Norris." (Doc. 31, p. 10.)  However, Mr. Norris offered seven, distinct opinions in his report, and Plaintiff's Motion only challenges one single conclusion: i.e., that the PLS was traveling in the left lane prior to the collision.  (*See generally* Doc. 31; Doc. 31-1, pp. 4-5.) Thus, even if Plaintiff could establish that Mr. Norris's opinion as to location of the PLS should be excluded, which the United States denies, Mr. Norris should nevertheless be allowed to offer his remaining opinions—none of which were addressed in Plaintiff's Motion. After all, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) (quoting McPherson v. Kelsey, 125 F.3d 989, 995–96 (6th Cir. 1997)).

Contrary to Plaintiff's unsupported assertions, Mr. Norris's conclusion that the PLS was in the left lane of Highway 30 immediately prior to the time of the collision is based on more than the parties' competing statements. Indeed, in his report and during his deposition, Mr. Norris identified objective evidence that supports his conclusion on the vehicles' locations prior to the collision, including the "turning radius" of the PLS, "the geometric layout" of the intersection where the accident occurred, the damage locations on the parties' respective vehicles, and the vehicles' locations at final rest after the collision. (Doc. 31-1, p. 4; Doc. 31-4, p. 122:11-19; 122:25-123:3.)[2] Some of these datapoints are undisputed and well documented in photographs taken immediately after the accident. Relying on his training, experience, and expertise in accident reconstruction, Mr. Norris analyzed the evidence (including the parties' competing statements) and concluded that if the PLS turned from the right lane as Plaintiff claims, Plaintiff's vehicle would have ended at a different final rest location than what is documented in the photographs. Mr. Norris's opinions and his reliance on scientific and objective evidence with respect to his conclusion that the PLS was traveling in the left lane of Highway 30 prior to the time of the collision are contained in his expert report and were thoroughly discussed during his deposition.

Mr. Norris's process is neither unusual nor unscientific, and the constellation of evidence he used to form his opinions in this case is no different than what other accident reconstructionists have relied upon when offering trial testimony in other cases. *See, e.g.*, *Dilts v. United Group Servs., LLC*, 500 Fed. App'x 440, 446 (6th Cir. Sept. 17, 2012) (affirming the district court's admission of an accident reconstructionist's opinions that were based on "information obtained by [] photographs, observation[s] of the worksite, witness testimony, and calculations derived from this information."); *Richardson v. United States*, No. 3:12-cv-368, 2015 WL 2137563 (M.D. Tenn.

---

[2] Citations to Mr. Norris's February 2, 2024 deposition, which Plaintiff attached to her Motion as "Exhibit 4," appear in "Page:Line" format.

May 7, 2015) (finding an accident reconstructionist's opinions "reliable, relevant, and admissible" where—as here—the expert relied upon witness statements and physical evidence to conduct calculations of time, speed, and distance). For these reasons, "the Sixth Circuit has overwhelmingly found that district courts abuse their discretion when they preclude accident-reconstruction experts from providing expert testimony." *Fischer v. United States*, 591 F. Supp. 3d 222, 229 (E.D. Mich. 2022). Thus, Plaintiff has failed to meet her burden of exclusion[3], and her Motion should be denied.

Respectfully Submitted,

Francis M. Hamilton III
United States Attorney

/s/ J. Spencer Fair
J. Spencer Fair, BPR #028069
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Spencer.Fair@usdoj.gov
Telephone: (865) 545-4167

---

[3] The United States will note that the Plaintiff's accident reconstruction expert, Gary Johnson, was disclosed solely as a rebuttal expert for the purpose of rebutting Mr. Norris's report/opinions. Any exclusion of Mr. Norris as an expert would result in the automatic exclusion of Gary Johnson, since there would no longer be any remaining expert opinions for him to rebut.