# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

SHARON GUTHRIE,

                       Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

                       Defendant.

No. 1:22-cv-00162-DCLC-SKL

---

### PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESS JAMES E. NORRIS, II

**COMES NOW** Plaintiff, by and through counsel, and files this Reply to raise two brief points.

First, notwithstanding the government's reliance on a single district court's characterization of the "overwhelming[] f[inding]" of the Sixth Circuit, the issues in this case do not require the help of experts. That is why, as noted by the government in its opposition brief, Plaintiff disclosed Mr. Johnson as a rebuttal expert only. If the Court disagrees, and instead determines that it, sitting as factfinder, requires the help of accident reconstructionists, then both Mr. Norris and Mr. Johnson presumably will testify.[1]

Second, at least four of the seven opinions Mr. Norris offered in his report relate to "the discrepancy between…the parties of where the PLS vehicle was," i.e. the subjective statements of parties and witnesses. At his deposition, he described these as "the key factors of the case." Norris Dep. Tr. 131:10-13; 132:7-10. In fact, Mr. Norris conceded that he did not include his speed

---

[1] Plaintiff will note that the government did not move to exclude the testimony of Gary Johnson.

calculations in his initial report because that was not a "primary issue." When asked when he (Mr. Norris) decided that "might actually be significant," he answered this way:

"I think mostly when I was going through Mr. Johnson's report…at that point **I was like, okay, yeah, I missed the ball on this**; I probably should have included this in here even **though it was predominantly predicated on her deposition testimony**, it still was probably worth mentioning. Norris Dep. Tr. 133:2-10 (emphasis added).

Because Mr. Norris's proposed testimony addresses matters that do not require specialized knowledge, i.e. a credibility determination in a he-said/she-said dispute, which the factfinder is competent to evaluate, his testimony is not necessary in this case. Therefore, the Court should exercise its gatekeeper role and exclude the testimony of Mr. Norris.

RESPECTFULLY SUBMITTED this 29th day of March, 2024.

/s/ Cameron C. Kuhlman
CAMERON C. KUHLMAN
Georgia Bar Number: 596159
*Attorney for Plaintiff*

**WETTERMARK & KEITH, LLC**
1232 Premier Drive, Suite 325
Chattanooga, TN 37421
Phone: (423) 933-1080
Fax: (205) 460-2596
ckuhlman@wkfirm.com