IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON M. GUTHRIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-CV-162-DCLC-SKL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO AMEND THE AMENDED SCHEDULING ORDER

The United States of America, by and through Francis M. Hamilton III, hereby moves to amend this Court's Amended Scheduling Order (Doc. 30), as follows:

1. The current deadline to file motions *in limine* relating to exhibits, depositions and witnesses, and to file non-dispositive motions in this case is May 10, 2024. (*See* Amended Scheduling Order, Doc. 30, at ¶ 5(e) and (f)).

2. The deadline for final exhibit and witness lists is set for thirty (30) days before the Final Pretrial Conference, and this deadline date is therefore May 24, 2024. (*See* Amended Scheduling Order, Doc. 30, at ¶ 5(g)). This deadline occurs after the May 10, 2024, deadline for motions *in limine* related to exhibits and witnesses.

3. Further, Plaintiff has scheduled depositions for medical proof of Plaintiff's treating medical providers Dr. Jeremy Bruce and Dr. Stephen Dreskin on May 13, 2024, and May 20, 2024, respectively.

4. Neither of these treating medical providers has provided testimony in this case, and their expert disclosures do not summarize the facts and opinions to which they are expected to testify pursuant to FED. R. CIV. P. 26(a)(2)(C)(ii). (*See* Plaintiff's Expert Disclosures, attached

hereto as **Exhibit 1**, at ⁋ a and c). Given that the nature of the testimony that will be offered by these providers is unknown as well as the potential that this testimony could result in a motion *in limine*, the United States requests an extension of time to file motions *in limine* until a date after these depositions have been completed and transcripts have been prepared.

5. The United States also requests an extension of the deadline to disclose medical experts in this case. As discussed in the United States' Response in Opposition to Plaintiff's Motion to Amend *Ad Damnum* (Doc. 36), no medical proof has previously been developed in this case. The testimony of these treating medical providers is unknown, and the United States is unable to evaluate whether or not a medical expert will be needed to rebut this unknown testimony until these depositions have taken place.

6. The United States' expert disclosure deadline passed on December 15, 2023. (*See* September 28, 2023 Order, Doc. 24). "Once the scheduling order's deadline passes, a [party] must first show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daechner*, 349 F.3d 888, 909 (6th Cir. 2003) (citation omitted). Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). "A party 'can demonstrate good cause for their failure to comply with the original schedule [] by showing that despite their diligence they could not meet the original deadline.'" *Marsh v. Pronova Sols., LLC*, No. 3:20-CV-00393, 2023 WL 7199335, at *4 (E.D. Tenn. Oct. 5, 2023) (citing Leary, 349 F.3d at 907). "As part of this inquiry, the Court also considers 'possible prejudice to the party opposing the modification.'" *Id*. (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

At the time of the United States' expert disclosure deadline, Plaintiff had only provided a

2

"bare bones" expert disclosure, which listed numerous treating medical providers and their relationship to Plaintiff's medical treatment, without complying with the requirements of Fed. R. Civ. P. 26(a)(2)(C)(ii). (*See* **Exhibit 1**). Based on these insufficient expert disclosures and the lack of any expert opinions contained therein, the United States did not disclose medical experts in response to Plaintiff's disclosures, with the exception of reserving the right to elicit expert testimony from experts designated or called by Plaintiff. (*See* Defendant's Expert Disclosures, attached hereto as **Exhibit 2** (attached Norris Report omitted)).

More than three (3) months after the United States' expert disclosure deadline, Plaintiff moved to amend the Complaint to increase her *ad damnum* amount by sixty-nine percent (69%). (*See* Plaintiff's March 21, 2024, Plaintiff's Motion to Amend *Ad Damnum* Clause Pursuant to 28 U.S.C. § 2675(b), Doc. 34). Plaintiff's motion was granted, and as a result the claimed damages and potential liability in this case has changed significantly since the time of the United States' expert disclosure deadline. (*See* April 19, 2024, Memorandum and Order, Doc. 40). From the perspective of claimed damages and potential liability, this is a different case than it was on December 15, 2023.

Plaintiff is not prejudiced by this requested relief, as it is a direct result of the Plaintiff's recent increase of the *ad damnum*. Further, this lawsuit was filed on June 22, 2022 (*See* Compl., Doc. 1), and Plaintiff has waited until less than sixty (60) days from trial to begin the process of attempting to meet her burden of medical causation in this case. The United States should be provided an opportunity to respond to these late-stage medical proof efforts.

7. Based on the foregoing, the United States is requesting an extension of the deadline to file motions *in limine* and non-dispositive motions as well as the deadline to disclose medical experts until **June 3, 2024**.

8. Pursuant to the Court's April 19, 2024, Memorandum and Order (Doc. 40), undersigned counsel has inquired with Plaintiff's counsel, and Plaintiff's counsel has indicated that Plaintiff does oppose the relief requested in this motion.

WHEREFORE, for good cause shown, Defendant requests the foregoing amendments to the Scheduling Order.

Respectfully Submitted,

Francis M. Hamilton III
United States Attorney

*/s/ J. Spencer Fair*
J. Spencer Fair, BPR #028069
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Spencer.Fair@usdoj.gov
Telephone: (865) 545-4167