UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| SHARON M. GUTHRIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-00162-DCLC-SKL |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is a Motion to Amend the Amended Scheduling Order filed by Defendant United States of America ("Defendant") [Doc. 42]. Plaintiff Sharon Guthrie ("Plaintiff") filed a response in opposition [Doc. 43], and Defendant filed a reply [Doc. 44]. In the motion, Defendant asks the Court to extend the deadline for disclosing its "medical experts" (which for rebuttal experts expired January 16, 2024); and the deadline for filing motions in limine and non-dispositive motions (both currently set for May 10). Defendant asks that these deadlines be extended until June 3. This matter is now ripe.

To justify the requested extensions, Defendant points to Plaintiff's recently amended complaint, which did not assert new causes of action, but did increase Plaintiff's damages request from $792,000 to over $1.3 million. Defendant contends the significant increase in damages, which the Court permitted after the deadline for amending pleadings, makes this "a different case" than before [Doc. 42 at Page ID # 668]. Defendant also cites that Plaintiff has "scheduled depositions for medical proof of Plaintiff's treating medical providers Dr. Jeremy Bruce and Dr. Stephen Dreskin on May 13, 2024, and May 20, 2024, respectively." [*Id.* at Page ID # 666]. Defendant emphasizes these doctors were not deposed during discovery (which closed February

16) and argues Plaintiff's November 2023 expert disclosures were "insufficient"[1] [*id.* at Page ID # 668]. Defendant contends that because the doctors' testimony "is unknown," Defendant "is unable to evaluate whether or not a medical expert will be needed to rebut this unknown testimony until these depositions have taken place." [*Id.* at Page ID # 667]. Finally, Defendant complains that under the Amended Scheduling Order, the May 10 deadline for filing motions in limine expires before the parties' final witness lists/exhibit lists are due (May 24).

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "only for good cause." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.; see also Moore v. Indus. Maint. Serv. of Tenn., Inc.*, 570 F. App'x 569, 577 (6th Cir. 2014).

---

[1] Plaintiff's November 2023 expert disclosures provide in relevant part:

> Plaintiff intends to present as evidence the expert opinions of the following medical providers and following subject matter pursuant to Fed. R. Civ. P. 702, 703, or 705: a) causation, and b) damages. Each provider will testify regarding his or her treatment of Ms. Guthrie:
>
> a. Jeremy Bruce, MD, 1809 Gunbarrel Rd, Chattanooga, TN . . . . Dr. Bruce is an orthopaedic surgeon who operated on Ms. Guthrie's knee following the accident.
> . . . .
> d. Stephen Dreskin, MD, Tennessee Valley Pain Management, 2700 Westside Drive, Suite 306, Cleveland, TN . . . . Dr. Dreskin is a Board Certified Pain Management specialist who treated Ms. Guthrie following the accident.

[Doc. 42-1 at Page ID # 670-71]. The record reflects Dr. Bruce, whose deposition is scheduled for May 13, performed the first operation on Plaintiff's knee, not the second [see Doc. 34 at Page ID # 575].

2

Under the circumstances of this case, the Court agrees the recent amendment to Plaintiff's complaint constitutes good cause to grant a short, limited extension of the deadline for making rebuttal medical expert disclosures. In granting Plaintiff leave to file the untimely amended complaint, the Court specifically acknowledged the potential for prejudice to Defendant in allowing a significant increase in Defendant's potential exposure to liability after the close of discovery (and therefore after the expiration of expert disclosure deadlines).[2] Plaintiff does not allege any particular prejudice in allowing the extension.

Any requested extension of the non-dispositive motions deadline, however, is not justified on the current record. The Amended Scheduling Order, entered in January, set the non-dispositive motions deadline to expire prior to the deadline for final witness/exhibit lists. The parties raised no objections regarding the sequence of deadlines set in the Amended Scheduling Order until the instant motion. I find the increase in damages does not bear on the scheduling sequence and does not constitute good cause for an extension of the non-dispositive motions deadline, especially since Defendant did not identify any particular non-dispositive motion it wished to file (other than motions in limine which are addressed below).

As for the impact of the deposition schedule, which appears to have been contemplated by the parties in their joint motion seeking the amended scheduling order [Doc. 28], the Amended Scheduling Order provides that "[d]epositions for evidence (proof) shall be completed thirty (30) days prior to the final pretrial conference unless all parties agree otherwise[.]" [Doc. 30 at Page ID # 268]. Again, no party raised an objection to this aspect of the Amended Scheduling Order when it was issued in January upon the parties' joint motion seeking an amended scheduling order. The

---

[2] The theatrical tone of Plaintiff's response is wholly unnecessary, distracting and disrespects the cooperation she has received in this case from Defendant [*see* Doc. 43]. Nevertheless, her point that the seriousness of this case has been evident from the outset is well-taken.

3

final pretrial conference is set for June 25; accordingly, Plaintiff's May 13 and May 20 depositions meet the deadline in the Amended Scheduling Order so the taking of these depositions is not necessarily good cause for an extension. Moreover, Defendant should still be able to present appropriate objections related to the medical evidence, including the medical evidence related to the increased damage request, at trial.

However, the timing of the depositions relates to Defendant's argument regarding Plaintiff's medical expert disclosures. That argument appears to be focused on the *adequacy* of Plaintiff's expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(C)(ii), not the doctors' qualifications and competency. In any event, the deadline for filing *Daubert* motions expired March 1, 2024 [Doc. 30 at Page ID # 267].

As to the adequacy of the expert disclosures under Rule 26(a)(2)(C)(ii), if Defendant wishes to file a motion in limine regarding same, it should be able to do so within the time frame established in the Amended Scheduling Order, that is May 10, 2024, since it has had the disclosures in hand for some time. However, as argued by Defendant in reply, it "is not asking the Court to exclude these expert opinions [based on the disclosures]; instead, the United States is simply requesting the opportunity to respond [to] them after being informed of these opinions for the first time in depositions that are taking place after discovery has already closed." [Doc. 44 at Page ID # 683]. Under these circumstances, I find a short extension of the in limine deadline only as to the testimony of Dr. Bruce and Dr. Dreskin is warranted in the interests of justice and is supported by good cause. For any such in limine motion to be ripe prior to the final pretrial conference, however, an expedited briefing schedule will be necessary.

Consequently, Defendant's Motion to Amend the Scheduling Order [Doc. 42] is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant may make Rule 26(a)(2) *rebuttal medical* expert disclosures on or before **JUNE 3, 2024**.

2. A single motion in limine (with supporting authority) relating to the depositions of Dr. Bruce and Dr. Dreskin may be filed by Defendant no later than **MAY 31, 2024**. Plaintiff shall have until **JUNE 7, 2024**, to respond to any such motion. Any reply must be filed by **JUNE 11, 2024**.

All other deadlines and requirements in the Amended Scheduling Order remain in effect and are not changed by entry of this Order.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE