IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON M. GUTHRIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-CV-162-DCLC-SKL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

The United States of America, by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, hereby moves to strike Plaintiff's jury demand, based on the following:

Plaintiff has brought this lawsuit against the United States pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2671, *et seq.*, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2401(b). In her Complaint (Doc. 1) and Amended Complaint (Doc. 41), Plaintiff has demanded a trial by jury on her claims. (*See* Compl., Doc. 1, at PageID# 4; Amended Compl., Doc. 41, at PageID# 665).

A. **The FTCA expressly prohibits a jury trial for claims against the United States.**

   1. **The United States has not waived its sovereign immunity for jury trials in FTCA cases.**

The FTCA's limited waiver of the United States' sovereign immunity for tort claims is subject to jurisdictional prerequisites and substantive exceptions. 28 U.S.C. §§ 1346(b), 2402, 2671-2680; *United States v. Orleans*, 425 U.S. 807, 813-814 (1976). When the United States waives its immunity, the "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." *Lehman v.*

*Nakashian*, 453 U.S. 156, 171 & n.2, 175 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). Legislative enactments granting such waivers are strictly construed. *McMahon v. United States*, 342 U.S. 25 (1951). Absent a waiver of sovereign immunity, plaintiffs have no constitutional right to a jury trial against the United States. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996); *Lehman*, 453 U.S. at 160. Congress did not need to act to prevent the use of juries in tort suits against the United States, and its silence on the issue would have been sufficient.

### 2. The FTCA expressly prohibits jury trials in tort lawsuits against the United States.

Despite the sufficiency of its silence on the issue, Congress did in fact act by expressly prohibiting jury trials in tort lawsuits against the United States. *See* 28 U.S.C. § 2402. According to the statute

> …any action against the United States under section 1346 **shall be tried by the court without a jury**…

28 U.S.C. § 2402 (emphasis added). This statute's plain language allows only non-jury trials against the United States under the FTCA. *Smith v. United States*, 507 U.S. 197, 203 (1993) (stating "we should not take it upon ourselves to extend the waiver beyond that which Congress intended…[nor] should we assume the authority to narrow the waiver that Congress intended") (quoting *United States v. Kubrick*, 444 U.S. 111, 117-18 (1978); *Glasspool v. United States*, 190 F. Supp. 804, 807 (D. Del. 1961) ("The [FTCA] not only does not provide for a jury trial but absolutely forbids it."). Accordingly, the FTCA does not permit a jury to decide FTCA claims against the United States, and Plaintiff's jury demand must be stricken.

WHEREFORE, Defendant requests that this Court strike Plaintiff's jury demand and proceed with a non-jury trial in this matter.

Respectfully Submitted,

FRANCIS M. HAMILTON III
United States Attorney

*/s/ J. Spencer Fair*
J. Spencer Fair, BPR #028069
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Spencer.Fair@usdoj.gov
Telephone: (865) 545-4167

3