IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON M. GUTHRIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-CV-162-DCLC-SKL ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

**MOTION *IN LIMINE* NO. 1 – EXCLUDE LAY TESTIMONY ON MEDICAL CAUSATION, DIAGNOSIS, AND REASONABLENESS AND NECESSITY OF MEDICAL TREATMENT/BILLS**

The United States of America, by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, hereby moves *in limine* to exclude any and all lay testimony on medical causation, diagnosis, and the reasonableness and necessity of medical treatment/bills, in support of which would show as follows:

Under Tennessee substantive law, "a plaintiff seeking to recover past medical expenses must present expert testimony to prove (1) that [her] past medical expenses were reasonable and necessary and (2) that the injury was, in fact, caused by the incident at issue." *Adams v. Farbota*, 306 F.R.D. 563, 560 (M.D. Tenn. 2015) (citing *Miller v. Choo Choo Partners, L.P.,* 73 S.W.3d 897, 901 (Tenn. Ct. App. 2001); *Klamborowski v. Johnson*, No. M2013-01304-COA-R3-CV, 2014 WL 2002140, at *4 (Tenn. Ct. App. May 13, 2004); *Al-Athari v. Gamboa*, M2013-00795-COA-R3-CV2013 WL 6908937, at *3 (Tenn. Ct. App. Dec. 30, 2013) (citing *Borner v. Autry*, 284 S.W.3d 216, 218 (Tenn. 2009)).

**A.     Medical Diagnosis and Causation**

To meet the burden for medical proof, "plaintiffs must always establish causation, i.e., 'that

the injuries or condition for which the medical treatment was sought was caused by the conduct of the defendant." *Dedmon v. Steelman*, 535 S.W.3d 431, 440 (Tenn. 2017) (citing *Iloube v. Cain*, 397 S.W.3d 597, 603 (Tenn. Ct. App. 2012)). "As a general rule, the causation of medical condition must be established by testimony by a medical expert." *Miller*, 73 S.W.3d at 901. Therefore, any testimony offered to establish medical diagnosis and causation at the trial must be offered through an expert, not a lay witness.

B.  **Reasonableness and Necessity of Medical Expenses**

For any award of past medical expenses, Tennessee law requires that "…a plaintiff must prove that the medical bills paid or accrued because of the defendant's negligence were both 'necessary and reasonable.'" *Dedmon*, 535 S.W.3d, at 438 (citing *Borner v. Autry*, 284 S.W.3d 216, 218 (Tenn. 2009). There is a statutory presumption of reasonableness and necessity for medical bills not exceeding the sum of four thousand dollars ($4,000), if these bills were itemized in the complaint and a copy of the bills paid is attached as an exhibit to the complaint. Tenn. Code Ann. § 24-5-113. However, when a plaintiff's past medical expenses exceed four thousand dollars ($4,000), the statutory presumption no longer attaches, and the plaintiff must prove reasonableness and necessity through competent expert testimony. *Iloube*, 397 S.W.3d at 603; *see also Dedmon*, 535 S.W.3d at 438. Based on the past medical expenses claimed by Plaintiff in the instant case, which exceed four thousand dollars ($4,000) and were neither itemized in nor attached to the complaint, Plaintiff's burden of proving reasonableness and necessity of medical bills can only be met trough competent expert testimony and cannot be met though lay testimony.

WHEREFORE, Defendant requests that this Court exclude any and all lay testimony on medical causation, diagnosis, and the reasonableness and necessity of medical treatment/bills during the trial in this matter.

2

Respectfully Submitted,

FRANCIS M. HAMILTON III
United States Attorney

*/s/ J. Spencer Fair*
J. Spencer Fair, BPR #028069
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Spencer.Fair@usdoj.gov
Telephone: (865) 545-4167