UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON GUTHRIE,<br><br>         Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>         Defendant. | No. 1:22-cv-00162-DCLC-SKL |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE* NO. 1**

  **COMES NOW** Plaintiff, by and through counsel, and submits this Response in Opposition to Defendant's Motion *in Limine* No. 1 [Doc. 48]. In its motion, the government seeks to exclude any and all lay testimony on medical causation, diagnosis, and the reasonableness and necessity of medical treatment/bills. As discussed below, the motion should be denied.

  As another court in this District has recently observed, "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Bush Recovery Ministries v. Coffee Cnty.*, 2024 U.S. Dist. LEXIS 80454 citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Furthermore, "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Contract Mgmt. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, 2012 U.S. Dist. LEXIS 102854 citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398,1400 (N.D. Ill. 1993).

  Mrs. Guthrie does not dispute that "a plaintiff seeking to recover past medical expenses must present expert testimony to prove (1) that [her] medical expenses were reasonable and necessary and (2) that the injury was, in fact, caused by the incident at issue." *Adams v. Farbota*,

1

306 F.R.D. 563, 571 (M.D. Tenn. 2015). Nor does Mrs. Guthrie dispute that "the causation of medical condition must be established by testimony by a medical expert." *Miller v. Choo Choo Partners, L.P.*, 73 S.W.3d 897, 901 (Tenn. Ct. App. 2001).

And although "a plaintiff must prove that the medical bills paid or accrued because of the defendant's negligence were both 'necessary and reasonable,'" *Dedmon v. Steelman*, 535 S.W.3d 431, 440 (Tenn. 2017), at least one court within this Circuit has adopted a more liberal interpretation of the evidentiary standard regarding medical bills than the government proposes. *Jones v. Hill*, 2021 U.S. Dist. LEXIS 33456 at *15 (holding a Plaintiff's surgeon held the requisite experience, training and knowledge to testify regarding the necessity and reasonableness of the medical services and the associated bills, not just the surgeon's own bills). *Jones* also shows that the qualification to testify as an expert even towards medical expenses is a liberal qualification standard *Id.* (citing *U.S. v. Barker*, 553 F.2d 1013, 1024 (6th Cir. 1977)).

As the in *Jones*, here, Mrs. Guthrie's treating providers need only to know that the bills for their own services *and related services*, include charges that are both reasonable and customary for the services provided.

Under Tennessee law, a physician who is familiar with the extent and nature of the medical treatment a party has received may give an opinion concerning the necessity of another physician's services and the reasonableness of the charges. To be qualified to render these opinions, the physician must first demonstrate (1) knowledge of the party's condition, (2) knowledge of the treatment the party received, (3) knowledge of the customary treatment options for the condition in the medical community where the treatment was rendered, and (4) knowledge of the customary charges for the treatment.

2

WHEREFORE, Plaintiff requests that this Court deny the motion, or in the alternative reserve ruling until each of Mrs. Guthrie's treating providers has an opportunity to offer his or her own testimony regarding the reasonableness of the bills.

                                            */s/ Cameron C. Kuhlman*
                                            CAMERON C. KUHLMAN
                                            Georgia Bar Number: 596159
                                            *Attorney for Plaintiff*

**WETTERMARK & KEITH, LLC**
1232 Premier Drive, Suite 325
Chattanooga, TN 37421
Phone: (423) 933-1080
Fax: (205) 460-2596
ckuhlman@wkfirm.com