UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON GUTHRIE,<br><br>        Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>        Defendant. | No. 1:22-cv-00162-DCLC-SKL |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE* NO. 3**

  **COMES NOW** Plaintiff, by and through counsel, and submits this Response in Opposition to Defendant's Motion *in Limine* No. 3. In its motion, the government seeks to exclude certain testimony of Plaintiff's treating providers, Jeremy Bruce, M.D. and Stephen Dreskin, M.D., at trial. As discussed below, the motion should be denied.

**I. Mrs. Guthrie notified the government that she intended to rely on the opinions of Drs. Dreskin and Bruce as to causation and damages, which necessarily includes the necessity and reasonableness of their treatment of Mrs. Guthrie.**

  The government's major premise is that Mrs. Guthrie's Rule 26 expert disclosures did not reasonably apprise it of Mrs. Guthrie's intent to elicit opinions from Drs. Bruce and Dreskin that the treatment they provided was necessary and that the cost of that treatment was reasonable. These issues are implicit in the "causation" and "damages" opinions of any treated provider in a case such as this. In addition to Plaintiff's Expert Disclosures, Mrs. Guthrie has repeatedly and timely disclosed an itemization of the medical bills, including those of Drs. Dreskin and Bruce, that she contends are part of her calculation of damages necessarily related to this case.

## II. Even if Mrs. Guthrie's Rule 26 disclosures were deficient, the government failed to timely raise the issue and the five factor test weighs against exclusion.

Even if the government failed to reasonably anticipate the opinions of Drs. Dreskin and Bruce, it failed to timely complain about the deficiency in Mrs. Guthrie's expert disclosures. Mrs. Guthrie disagrees with the government's application of the *Howe* factors to this evidence.

First, the government's "surprise" that Mrs. Guthrie would elicit these opinions from these treating physicians given the breadth of the disclosed topics cannot be reasonably argued. The government has had a detailed itemization of the bills, providers, and Mrs. Guthrie's expert disclosures for months. Second, the government can cure the surprise with a thorough and sifting cross-examination. During Dr. Bruce's deposition-for-proof, the government did not ask to suspend the deposition so that it could more adequately prepare its cross examination. During Dr. Dreskin's deposition, the government did object to the bills exhibit, however, the relevant portions of those bills have been in Mrs. Guthrie's itemization (as disclosed) for months. Third, allowing this evidence will not disrupt this bench trial. Fourth, the necessity of the treatment provided by Drs. Bruce and Dreskin and the reasonableness of the cost of that treatment is essential to Mrs. Guthrie's case. Finally, Mrs. Guthrie contends that she did not fail to disclose the evidence at all. *See supra*.

To the extent the Court disagrees with Mrs. Guthrie's application of the *Howe* factors, the less severe and more appropriate sanction would be a continuance. Unsurprisingly, Mrs. Guthrie intends to elicit testimony from each of the "other 11 medical providers" on her expert disclosure at trial, and presumably, the government intends to raise a similar objection to each.

## III. Dr. Bruce's testimony as to the bills was less than perfect, but not subject to exclusion.

At least one court within this Circuit has adopted a more liberal interpretation of the evidentiary standard regarding medical bills than the government propose. *Jones v. Hill*, 2021 U.S.

Dist. LEXIS 33456 at *15 (holding a Plaintiff's surgeon held the requisite experience, training and knowledge to testify regarding the necessity and reasonableness of the medical services and the associated bills). *Jones* also shows that the qualification to testify as an expert even towards medical expenses is a liberal qualification standard *Id.* (citing *U.S. v. Barker*, 553 F.2d 1013, 1024 (6th Cir. 1977)).

At his deposition, Dr. Bruce equivocated when asked about his familiarity with the billing practices of his group. However, when presented with the bills, he appeared to recognize them as the bills related to his treatment of Mrs. Guthrie. Under the *Jones* standard for qualification, in particular in this bench trial, Dr. Bruce got his chin on the table.

### IV. Exclusion of Dr. Dreskin's testimony regarding his own bills is too severe a sanction given the circumstances of this case.

Mrs. Guthrie does not dispute that her counsel provided a copy of Dr. Dreskin's bills to counsel for the government during Dr. Dreskin's deposition. As noted on the record, undersigned counsel finally received copies of those bills from Dr. Dreskin's office approximately one hour before the deposition. Candidly, in a case with tens of treating physicians, thousands of pages of medical records, and hundreds of thousands of dollars in claimed medical bills, undersigned counsel did not realize until preparing for Dr. Dreskin's deposition that copies of his bills (representing approximately $2,000.00 in total) were not in the file. (As counsel for the government noted, he, too, had misplaced his own copies of Dr. Dreskin's medical records in the course of trial preparation.) Undersigned counsel worked for several weeks to obtain those copies from Dr. Dreskin's office and ultimately received them in the hours before the deposition began.

Even though the government did not have the physical copies of the bills, the government has had in its possession the itemization of Dr. Dreskin's bills (again, approximately $2,000.00)

for months. Whatever surprise the government experienced during the deposition was unintended by undersigned counsel and not significant enough to merit exclusion.

WHEREFORE, Plaintiff requests that this Court deny the motion, or in the alternative reserve ruling until each of Mrs. Guthrie's treating providers has an opportunity to offer his or her own testimony regarding the reasonableness of the bills.

*/s/ Cameron C. Kuhlman*
CAMERON C. KUHLMAN
Georgia Bar Number: 596159
*Attorney for Plaintiff*

**WETTERMARK & KEITH, LLC**
1232 Premier Drive, Suite 325
Chattanooga, TN 37421
Phone: (423) 933-1080
Fax: (205) 460-2596
ckuhlman@wkfirm.com