UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| SHARON M. GUTHRIE, | ) |
| Plaintiff, | ) 1:22-CV-00162-DCLC-SKL |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the United States of America's ("the Government") Motion to Reconsider [Doc. 65] the currently scheduled trial date and Plaintiff's Motion to Continue Trial [Doc. 68]. The Government opposes Plaintiff's requested continuance. Presently, the bench trial is scheduled to begin on Monday, July 8, 2024, and continue through Wednesday, July 10, 2024, beginning at 9:00 a.m. each day [Doc. 62]. If that is insufficient to complete the proof, the Court made available two additional days the next week beginning on Tuesday, July 16, 2024, at 9:00 a.m. and continuing until completed [*Id.*].

The Government requests the Court reconsider these dates for the bench trial [Doc. 65, pg. 1]. The Government explains that counsel has a longstanding trip scheduled to begin on July 13, 2024, which precludes him from appearing in court on Tuesday July 16, 2024 [*Id.*]. The Government requests that trial resume on Wednesday, July 17, 2024, rather than Tuesday, July 16, 2024 [*Id.*].

Plaintiff requests the trial be continued because of recent developments with some of his expert witnesses [Doc. 68, pg. 1]. Plaintiff's counsel explains that he has scheduled a deposition with a one expert witness on July 2, 2024, and another expert witness on July 12, 2024 [*Id.* at pgs.

1-2]. Plaintiff maintains that in order to "accommodate the [G]overnment" and account for upcoming depositions, the Court should continue the trial to July 17, 2024 [*Id.* at pg. 2].

The Court finds that Plaintiff has not presented good cause for continuing the case from its current setting. This case was initially filed in June 2022. It is not a factually complicated case. In fact, the parties' Rule 26(f) report, filed in October 2022, indicated the case would be ready for trial within twelve months. In January 2024, the parties asked the Court to amend the Scheduling Order, which the Court granted. To that end, the Court extended the fact and expert discovery cut-off to February 16, 2024, extended the rebuttal expert disclosure date to January 16, 2024, and required the parties complete all discovery, including expert depositions, by February 16, 2024, unless the parties otherwise agree to an extension. [Doc. 30, ¶ 4(e)]. The Scheduling Order also required the parties to complete depositions for evidence by 30 days prior to the final pretrial conference unless the parties agreed otherwise. Plaintiff asks the Court to continue the case to permit it to take doctor's depositions. In any event, the need to take a doctor's depositions is not a basis to continue the trial date, especially in light of the fact the case has been pending for over two years. For that reason, Plaintiff's motion to continue [Doc. 68] is **DENIED.**

The Court notes that nine subpoenas have been filed and it appears the Government is objecting to depositions for proof at this late stage in the case; however, the Government has not moved to quash the subpoenas of the expert witnesses as required by Fed. R. Civ. P. 45. Government has noted its objection in its Response but that is not the same as raising a motion to quash pursuant to Rule 45. Accordingly, at this point, the Court will not address whether these subpoenas should be quashed or not given the issue is not properly before the Court.

The bench trial shall commence on **July 8, 2024**, at **9:00 a.m.** at the **James H. Quillen United States Courthouse** in Greeneville, Tennessee. If additional time is needed after the first

three days of trial, the Court will resume the trial on Wednesday, July 17, 2024 and continue until completed. The Government's motion is well-taken and **GRANTED** [Docs. 65]. Plaintiff's motion to continue trial [Doc. 68] is **DENIED.**

    **SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
