UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON GUTHRIE,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:22-cv-00162-DCLC-SKL |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND RENEWED MOTION FOR LEAVE TO DEPOSE MARK FREEMAN, MD

**COMES NOW** Plaintiff, by and through counsel, and files this, her Response in Opposition to Defendant's Motion for Protective Order [Doc. 82] and Renewed Motion for Leave to Depose Mark Freeman, MD.

Plaintiff agrees that the government "lacks standing to move to quash [the relevant subpoenas] pursuant to FED. R. CIV. P. 45(d)(3)." Doc. 82 at ¶ 4 (PageID #: 1026). As the government acknowledges in its motion, "Plaintiff requested leave to depose Dr. Freeman for proof[.]" *See id*. at ¶ 2 (PageID #: 1025). *See also*, Doc. 68 at PageID #: 975 ("Plaintiff requests…leave to depose for proof Dr. Mark Freeman, on July 12, 2024 in Chattanooga."). *Compare* Order entered July 1, 2024 (Doc. 78 at PageID #1: 1001) ("Plaintiff's counsel explains that he has scheduled a deposition with a one expert witness on July 2, 2024, and another expert witness on July 12, 2024").

The government correctly "interpret[ed] Plaintiff's Motion to say that she has [not], in fact, scheduled proof depositions of Drs. Garrett and Freeman." Doc. 82 at ¶ 2. Because Plaintiff has not, in fact, scheduled the depositions of Drs. Garrett and Freeman, the government's motion should be denied as moot.

Plaintiff expressly sought the leave required by the Court's Amended Scheduling Order, because she understood that she could not schedule Dr. Freeman's deposition absent leave or agreement of counsel. *See* Amended Scheduling Order (Doc. 30 at ¶ 7(h) (Page ID#: 268)). The Court denied that Motion. Doc. 78 at PageID #: 1002. Given the Court's characterization of Plaintiff's counsel's conduct, i.e. already having scheduled depositions, *sees supra*, Plaintiff now renews her request for leave to depose Dr. Mark Freeman on July 12, 2024, and offers the following additional grounds for that relief.

Plaintiff, through counsel, first contacted Dr. Freeman's office to request a deposition date on April 16, 2024.[1] This was the day after the parties failed to reach an agreement at mediation. The deposition for evidence (proof) that Plaintiff sought was explicitly contemplated by the Court's Amended Scheduling Order, and consistent with practice in this District and the state courts of Tennessee, i.e. collecting the treating providers' testimony for proof near the end, or at the close of, discovery. Pursuant to the Amended Scheduling Order, Plaintiff had until May 27, 2024 to complete these depositions, absent agreement or leave of court. Doc. 30 at ¶ 7(h).

On April 16, 2024, undersigned counsel's staff telephoned Dr. Freeman's office (423-xxx-4900) and was directed to send an email to Jennifer Grayson. Counsel's paralegal Jennifer Kinsella

---

[1] On February 20, 2024, undersigned counsel emailed counsel for the government offering Mrs. Guthrie for a second deposition. On February 22, 2024, counsel for the government replied accepting the invitation to depose Mrs. Guthrie, but also asking whether the case was ripe for mediation. After mediation was scheduled, counsel for the government postponed mediation until April 15, 2024. The government has repeatedly blamed Plaintiff for delay in this case, but it fails to account for the nearly two-months' pause related to mediation.

did, in fact, send that email at 11:10 a.m. that same day. In the email, Jennifer Kinsella asked Jennifer Grayson to provide "3-4 dates Dr. Freeman is available for the deposition…from 04/16/2024 – 05/03/2024." One week later, Jennifer Grayson replied to the email, apologizing for the delay, and asking follow up questions. Six minutes later, Jennifer Kinsella responded to that email answering the questions and renewing Plaintiff's request for dates. Two more emails followed that day confirming that the deposition would be video recorded, but Dr. Freeman's office failed to offer any dates or otherwise respond.

On May 7, 2024, Jennifer Kinsella again reached out to Jennifer Grayson to renew Plaintiff's request for deposition dates from Dr. Freeman, again expressed the urgency of doing this "as soon as possible," but received no reply. On May 16, 2024, undersigned counsel directly emailed Jennifer Grayson: "I'm sorry to keep bugging you, but we're still trying to get Dr. Freeman scheduled for deposition."

Eight days later, on May 24, 2024, Jennifer Grayson finally replied to counsel's email, but did offer *any dates* that Dr. Freeman would be available, much less dates within the 3-day window remaining under the Court's Amended Scheduling Order.

On June 27, 2024, a different staff member, Jennifer Hilkert, from Dr. Freeman's office telephoned undersigned counsel and left a voicemail: "We got a subpoena today. I am not sure where the ball got dropped here, but I would really like to find some kind of resolution so that Dr. Freeman does not have to drive to Greeneville on July 8th," she said.

Undersigned counsel returned Ms. Hilkert's phone call and discussed the history of Plaintiff's efforts to schedule Dr. Freeman's deposition. Ms. Hilkert asked whether Dr. Freeman could be deposed at his office in Chattanooga on July 12, 2024. Counsel replied that the deposition

would not be possible absent agreement of the parties, or leave of court. At Ms. Hilkert's request, counsel agreed to seek leave. After the Court entered its Order suspending the trial from July 11 through July 15, Plaintiff filed her Motion seeking a continuance to July 17, 2024 and leave to depose Dr. Mark Freeman on July 12, 2024 (a day not scheduled for trial).

Given (1) Plaintiff's diligence in attempting to schedule Dr. Freeman's deposition within the window provided for by the Court's Amended Scheduling Order, (2) Dr. Freeman's staff's frustrations of those efforts, (3) the Court's suspension of the trial from July 11 through July 16, and (4) the significance of Dr. Freeman's testimony to Plaintiff's case, Plaintiff renews her request for leave to depose Dr. Mark Freeman in Chattanooga on July 12, 2024.

RECTFULLY SUBMITTED this 2nd day of July, 2024.

**WETTERMARK & KEITH, LLC**
1232 Premier Drive, Suite 325
Chattanooga, TN 37421
Phone: (423) 933-1080
Fax: (205) 460-2596
ckuhlman@wkfirm.com

*/s/ Cameron C. Kuhlman*
CAMERON C. KUHLMAN
Georgia Bar Number: 596159
*Attorney for Plaintiff*