UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON M. GUTHRIE, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Defendant. ) | No.: 1:22-CV-0162-DCLC-SKL |

# ORDER

Ripe and pending before the Court for expedited resolution are three motions related to medical provider testimony at a trial scheduled to begin on July 8, 2024.

First, on July 27, 2024, Plaintiff filed a "Motion to Continue Trial to July 17, 2024" [Doc. 68], which was denied the same day and the bench trial remains scheduled for July 8 [Doc. 78]. Plaintiff's motion for a continuance also contains a somewhat convoluted request for leave to take the deposition of Dr. Mark Freeman for proof on July 12, 2024 [Doc. 68 at Page ID # 975]. Defendant's response to the motion for a continuance opposed both the continuation of the trial and Plaintiff's request for leave to take the deposition of Dr. Freeman (or any other depositions without leave) [Doc. 69].

Second, a non-party, Dr. Tareck A. Kadrie, filed a motion on July 1, 2024, pursuant to Federal Rule of Civil Procedure 45(d)(3), to quash the subpoena he was served by Plaintiff on June

27, 2024, which purports to require his attendance at the July 8 trial [Doc. 79].[1] Given the quickly approaching trial date and intervening holiday, after the Defendant filed a motion for protective order seeking to prevent Plaintiff from scheduling/conducting any depositions absent leave of Court [Doc. 82], the Court ordered expedited briefing on any pending motions related to trial subpoenas issued to medical providers on June 28 and July 1, 2024 [*see* Docs. 70-77 & 80] or "proof" depositions scheduled by Plaintiff after the close of the discovery period for such depositions [Doc. 84].

Third, on the afternoon of July 2, 2024, a second non-party, Dr. C. Lindsay McKnight, filed a motion with a supporting memorandum pursuant to Federal Rule of Civil Procedure 45(d)(3), to quash her trial attendance subpoena [Doc. 77, Doc. 96 & Doc. 97] served by Plaintiff on June 28, 2024. Dr. McKnight, a Knoxville doctor, seeks to quash the subpoena [Doc. 96] on Rule 45 undue burden grounds because she is scheduled to depart on July 8, 2024, for a "planned and paid" vacation to Alaska and will not return until at least July 22, 2024 [Doc. 96-3 & Doc. 97 at Page ID # 1116]. Further, Dr. McKnight's memorandum in support of her motion to quash states that although a letter attached to the subpoena claims Plaintiff's counsel "tried to reach out to her office and schedule a video deposition in lieu of her testimony,". . . "[n]o such contact was ever attempted." [*Id*. at Page ID # 1117]. This afternoon, Plaintiff filed an expedited response to Dr. McKnight's motion [Doc. 105]. In the response, Plaintiff explains a paralegal in her attorney's office left a detailed voicemail about scheduling a deposition in the voicemail box of Dr.

---

[1] As pertinent, on June 28, 2024, Plaintiff filed executed subpoenas to appear at trial, which were served on Dr. Freeman and Dr. Tareck Kadrie, [Doc. 72 & Doc. 73]. Apparently, Dr. Freeman is willing to give a deposition (but no earlier than July 12) in lieu of appearance at trial [Doc. 68]. Also, according to the Plaintiff, another physician served with a trial subpoena, Dr. William Garrett [Doc. 74], proposed that his deposition be taken on July 2, 2024, at 6:00 a.m. in lieu of appearance at trial, but Defendant rejected that deposition suggestion as "unreasonable." [Doc. 68 at Page ID # 975].

McKnight's medical assistant on April 16, 2024, the date the parties reached an impasse at mediation. When that message was not returned, no further actions were taken on behalf of Plaintiff to secure the deposition before the time for taking such medical proof depositions had expired. The decision not to follow-up or issue a deposition subpoena is startling given Plaintiff's remaining argument, which is that:

> While Plaintiff's counsel is sympathetic to Dr. McKnight's concerns, counsel owes Plaintiff a duty to put on the proof necessary for her case. Considering Dr. McKnight's Motion to Quash against the backdrop of the balancing analysis required, her testimony is more significant to this case than Dr. Kadrie's and some of the other physicians for two reasons. First, Mrs. Guthrie's emergency room visit constitutes a critical moment in the course of treatment at issue in this case. Second, in economic terms, Mrs. Guthrie's emergency room visit and associated treatment represents approximately $29,972.89 in medical bills. To the extent the Court finds Dr. McKnight's burden too great, Plaintiff submits that allowing Dr. McKnight to testify by video represents a more appropriate remedy for the challenges Dr. McKnight raises in her motion.

[Doc. 105 at Page ID # 1205-06].

### A. Leave to Depose Dr. Freeman

Plaintiff filed a response opposing Defendant's motion for protective order noting she sought leave to depose Dr. Freeman in the motion for a continuance of the trial [Doc. 93 at Page ID #1094]. In the response, Plaintiff also attempts to excuse her last-minute request to take the deposition after the close of the discovery period by referring to an alleged postponement by Defendant amid a two-month "pause" awaiting mediation. She also chronicles the communications among counsel, staff in counsel's office, and staff in Dr. Freeman's office as evidence of Plaintiff's "diligence in attempting to schedule Dr. Freeman's deposition" in compliance with the Amended Scheduling Order. Defendant filed its brief [Doc. 94] addressing leave to depose Dr. Mark Freeman agreeing that its motion for protective order is substantially moot but disputing it postponed the case or caused a two-month pause.

3

The final pretrial conference was held on June 25, 2024 [Doc. 60]. The Amended Scheduling Order sets the deadline for depositions for evidence as May 27, 2024 [Doc. 30 at Page ID #268 ("thirty, (30) days prior to the final pretrial conference, unless all parties agree otherwise, which agreement shall be memorialized in writing")]. The Amended Scheduling Order also warns "[a] failure to comply with the provisions of this order likely will result in the exclusion of witnesses, exhibits, depositions, or damages, as the case may be." [Doc. 30 at Page ID # 271].

Although Federal Rule of Civil Procedure 6 governs requests for extensions and the Defendant specifically argued Plaintiff could not satisfy the applicable excusable neglect standard in its original response to the motion for a continuance [Doc. 69], Plaintiff did not directly address Rule 6 or even mention excusable neglect in any of her filings. Regardless, Rule 6 provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Court has discretion to determine whether a party failed to act because of excusable neglect. *La Bamba Licensing, LLC v. La Bamba Authentic Mexican Cuisine, Inc.*, No. 3:16-CV-527-CRS, 2017 WL 472093, at *2 (W.D. Ky. Feb. 3, 2017) (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard.") (citation omitted).

Rule 6 clearly applies as Plaintiff did not subpoena the medical providers for depositions or take their depositions to develop her medical proof. She did not even seek leave to depose Dr. Freeman until a month after the deadline for doing so expired. In determining whether excusable neglect exists, a court balances what are commonly referred to as the *Pioneer* factors; that is: (1) danger of prejudice to the nonmoving party, (2) length of the delay and its potential impact on judicial proceedings, (3) reason for the delay, (4) whether the delay was within the reasonable

4

control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafziger*, 467 F.3d at 522 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship*, 507 U.S. 380, 395 (1993)).[2] Addressing the *Pioneer* factors, the Sixth Circuit has held the "factors do not carry equal weight; the excuse given for the filing must have the greatest import." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

As noted, Plaintiff did not directly address the *Pioneer* factors, but she does argue she will suffer great prejudice to her case if Dr. Freeman's testimony is not obtained. Having fully considered the *Pioneer* factors, however, the Court finds that the factors weigh heavily in favor of denying Plaintiff's motion. While the Court finds Plaintiff has not acted in bad faith and will suffer prejudice because of her failure to obtain medical proof, the failure to comply with the applicable deadline and the delay in attempting to set a deposition date for Dr. Freeman's testimony were completely within Plaintiff's control and the reasons for the delay (i.e., Plaintiff's excuses for failing to schedule Dr. Freeman's deposition before the evidentiary deposition deadline) fall far short of excusable neglect. Moreover, Plaintiff's request to schedule a deposition of Dr. Freeman on July 12 would negatively impact the timely administration of justice and have a negative impact on the judicial proceedings and trial preparation.

Accordingly, the Court denies the requested last-minute extension and leave to take the deposition of Dr. Freeman.

---

[2] *See also Howard v. Nationwide Prop. & Cas. Ins. Co.,* 306 F. App'x 265, 267 n.1 (6th Cir. 2009) ("Although *Pioneer* arose from a bankruptcy proceeding, its discussion of excusable neglect also applies to Federal Rule of Civil Procedure 6(b).").

### B. Dr. Kadrie's Motion

Non-party Dr. Kadrie seeks to quash the subpoena on several grounds. He argues the subpoena was served 11 calendar days and, due to the upcoming holiday, five business days prior to trial, which is insufficient time to comply with the subpoena under Rule 45(d)(3)(i). Dr. Kadrie's motion also sets out the undue burden, including the upheaval it would cause to medical staff and approximately 30 patients of his neurological practice who are scheduled for appointments and/or testing on July 8, 2024, with the possibility that they may not receive a rescheduled appointment until January 2025 [Doc. 79 at Page ID # 1008]. Dr. Kadrie also argues the subpoena violates "the geographical and expense limits specified in Rule 45(c) because, among other things, it would require him to travel 177 miles one-way from his place of employment in violation of Rule 45(c)(1)(A). Finally, Dr. Kadrie notes his deposition for proof was not scheduled, which would have avoided the issue all together [Doc. 79 at Page ID # 1009].

Plaintiff responded to Dr. Kadrie's motion to quash [Doc. 95] by addressing "at least two" of his arguments: (1) whether she attempted to take a video deposition for proof at trial and (2) the geographical limitation of subpoena power when a Chattanooga (*i.e.*, the Southern Division) case is scheduled for trial in Greenville (*i.e.*, the Northeastern Division). As to the first argument, Plaintiff notes her apparently single, unsuccessful contact with Dr. Kadrie's office to schedule the deposition was within the deadline established in the Amended Scheduling Order. As to the second argument, Plaintiff argues Local Rule 3.2 provides for the random assignment of cases to judges throughout the district but explicitly states the rule provides for an orderly division of the business of the Court and does not grant any right to any litigant. In summary, Plaintiff argues that if the case was held in Chattanooga—where it was filed, instead of Greeneville—where Judge Corker is stationed, then Dr. Kadrie's subpoena would meet the established geographical limits of Rule

45(c). Plaintiff also argues that, to the extent the Court finds Dr. Kadrie's burden in complying with the subpoena is too great, then the remedy is to allow his trial testimony by video.

Dr. Kadrie replied [Doc. 99]. In summary, he correctly argues Rule 45(d)(3) does not include an exception to quashing a trial subpoena if the serving party has attempted to schedule a proof deposition especially where the attempt was, at best, a pitiful effort; and even ignoring the lack of such an exception, Plaintiff had ample time to make more than a single effort to set a deposition with a physician in a busy medical practice. Dr. Kadrie also correctly notes Rule 45(c) contains no exception to the distance rules and that Plaintiff cites no authority to the contrary. He also correctly notes that the case has always been scheduled to occur in Greeneville, i.e., since the original October 2022 Scheduling Order [Doc. 19, para. 7].[3] Dr. Kadrie also correctly argues that Local Rule 3.2 lacks any content suggesting Rule 45(c)'s distance limitations are inapplicable. Finally, Dr. Kadrie argues that a remote appearance would do little to alleviate the burdens he established because he would still have no option but to cancel several patient appointments at the last minute to appear remotely.

Rule 45 governs subpoenas to non-parties. *See* Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."). A court may also quash a subpoena that subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). In determining whether a subpoena subjects a person to

---

[3] While Dr. Kadrie did not argue, and likely does not know, the Court notes that Plaintiff did not file a motion asking the Court to consider moving the trial to Chattanooga even though the Court routinely considers such timely-filed motions.

an undue burden, the Court must consider the "reasonableness of the subpoena." *Englar v. 41B Dist. Ct.*, No. 04-CV-73977, 2009 WL 3497801, at *6 (E.D. Mich. Oct. 29, 2009) (citation omitted). The Court must "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Id.* (citation omitted). The question of reasonableness "is a highly case specific inquiry and entails an exercise of judicial discretion." Id. (citation omitted). The party seeking to quash the burden bears the burden. *Almanza v. Sessions*, No. 3:15-CV-389-TAV-HBG, 2018 WL 5263033, at *5 (E.D. Tenn. June 15, 2018) (citation omitted).

The Court need only address one argument to resolve Dr. Kadrie's motion to quash because it is undisputed that Dr. Kadrie is outside the distance limitations of Rule 45(c). Plaintiff's last-minute attempts to subpoena multiple medical providers after failing to timely secure their deposition testimony does not change this result nor does the fact that the case is being held in Greeneville.

It is also well settled that the Court has discretion to change the trial location between divisions within this district "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other . . .division where it might have been brought . . . ." 28 U.S.C. § 1404(a); *see* 28 U.S.C. § 123 (defining the four divisions that compose the Eastern District of Tennessee). The Eastern District of Tennessee utilizes a system of case assignment wherein cases filed in the Knoxville and Greeneville divisions of the district are heard in Chattanooga and vice versa. While the Court recognizes that this practice will inconvenience some parties at times, it is routine and normal in this district and is designed to even the workload across this district's judges, and to ensure access and justice for all parties, not just the parties to any particular action. The Court


8

Case 1:22-cv-00162-DCLC-SKL   Document 113   Filed 07/03/24   Page 8 of 12   PageID #: 1278

allows parties to file timely motions requesting that a trial be conducted in a particular location, but given the demands of the Court's docket, such a motion may or may not be granted. Significantly, Plaintiff failed to seek relief from this original setting, and apparently failed to secure medical proof deposition testimony from those witnesses who might choose not to voluntarily appear at trial.

Although not specifically addressed by Plaintiff (other than a passing reference to the possibility of remote testimony at trial) or by Dr. Kadrie, Rule 45(c)'s 100-mile limitation has been held to apply (when invoked) to remote testimony by contemporaneous video transmission. *Coblin v. DePuy Orthopaedics, Inc.*, No. 3:22-CV-00075-GFVT-MAS, 2024 WL 1357571, at *3 (E.D. Ky. Mar. 29, 2024) (citing *In re Kirkland*, 75 F.4th 1030, 1043 (9th Cir. 2023) (collecting cases and holding that if there were a remote testimony exception, Rule 45(d)(3)(A)(ii)'s requirement that courts quash subpoenas beyond Rule 45(c)'s 100-mile limitation would become a nullity). As noted in *Kirkland*, "[w]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." *Id*. citing Fed. R. Civ. P. 45 (Advisory Committee's Note, 2013 amendment). This comment emphasizes the plain language interpretation that Rule 43(a) permits remote, video testimony but only from the places permitted by a court's subpoena powers under Rule 45 and "clarifies that Rule 45(c)'s geographical limitations apply even when remote testimony is allowed, and a witness is not required 'to attend' a trial or other proceedings in the traditional manner." *Kirkland*, 75 F.4th at 1043.

For the foregoing reasons, Dr. Kadrie's motion to quash [Doc. 79] is **GRANTED**, and the subpoena [Doc. 73] commanding Dr. Kadrie to appear at the bench trial (or commanding him to testify remotely at the trial) is **QUASHED**. If any medical provider elects to voluntarily appear

remotely for trial testimony, the Court may address the admissibility of that testimony during the trial if properly raised by a party.

### C. Dr. McKnight's Motion

As previously noted, non-party Dr. McKnight, a Knoxville doctor, also seeks to quash the subpoena [Doc. 96 & Doc. 97] on Rule 45's undue burden grounds because she is scheduled to depart on July 8 for a "planned and paid" vacation to Alaska and will not return until at least July 22, 2024 [Doc. 96-3 & Doc. 97 at Page ID # 1116]. Further, Dr. McKnight's motion to quash states Plaintiff failed to even attempt to schedule a video deposition in lieu of her testimony. Plaintiff points to her unanswered voicemail message to a medical assistant and argues Dr. McKnight's burden must be balanced against the harm her failure to testify will cause Plaintiff's case given her emergency room treatment of Plaintiff and associate medical bills of close to $30,000.

After balancing the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; the Court finds Dr. McKnight has demonstrated an undue burden for relief from the subpoena given her long standing commitment to be out of the state during the trial. Plaintiff's failure to take appropriate steps to prevent this circumstance and her utter failure to address whether the medical information is available from any other source does not override the burden established by Dr. McKnight. It is not necessary to determine why Dr. McKnight was unaware of the single voicemail message left with her assistant about a deposition as it is obvious that any such effort was wholly insufficient. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). Plaintiff's arguments about the importance of Dr. McKnight's testimony only underscore the inadequacy of the alleged voicemail message to Dr. McKnight's medical assistant.

Plaintiff's passing reference to the possibility of remote testimony at trial by Dr. McKnight, without citation to any law as it relates to Dr. McKnight's undue burden, provides inadequate

10
Case 1:22-cv-00162-DCLC-SKL   Document 113   Filed 07/03/24   Page 10 of 12   PageID #: 1280

information for the Court to address whether remote testimony is even a realistic possibility given the circumstances of Dr. McKnight's unavailability due to undue burden. The Court declines to speculate on the circumstances, Defendant or Dr. McKnight's response to same, or the law concerning this unsupported suggestion, which is not properly developed or supported with any relevant authority. *See McGrew v. Duncan*, 937 F.3d 664, 669 (6th Cir. 2019) ("A party may not present a skeletal argument, leaving the court to put flesh on its bones."); *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) ("[J]udges are not like pigs, hunting for truffles[.]" (citation omitted)).

Accordingly, the Court will not address the issue of Dr. McKnight's remote testimony further. *See Estate of Barnwell v. Grigsby*, No. 18-5480, 2020 WL 290425, at *13 (6th Cir. Jan. 21, 2020) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997))); *see also Baker v. Colvin*, No. 1:15-cv-00910, 2016 WL 4128435, at *13 n.11 (N.D. Ohio Aug. 3, 2016) ("[T]he Court will not address an undeveloped 'argument' mentioned in passing." (citation omitted)). *McGrew*, 937 F.3d at 669 (6th Cir. 2019).

Accordingly, Dr. McKnight's motion to quash [Doc. 96] is **GRANTED**, and the subpoena commanding her to appear at the July 8, 2024, bench trial of this matter [Doc. 77] is **QUASHED**.

### D. Other Matters

Moreover, given the impending holiday and trial date and the flurry of filings that are surely detracting from trial preparation, the Court **HOLDS** that any persons subpoenaed to trial [*see* Docs. 70-77 & 80], that raise the undisputed issue of Rule 45(c) distance limitation to his or her subpoena will be granted relief and the subpoena **WILL BE QUASHED** and Plaintiff is **ORDERED** to notify said witnesses that the subpoena is of no effect. Of course, the parties may

still decide to mutually agree to voluntary depositions for use at trial, or the subpoenaed witnesses may choose to voluntarily appear remotely (if allowed by the Court) or in person.

The Defendant's motion for a protective order to prevent Plaintiff from scheduling or conducting any depositions absent leave of Court [Doc. 82] is **TERMINATED AS MOOT** as Plaintiff acknowledges she cannot take depositions without leave of Court.

While the Court acknowledges the missteps at issue in this order result from counsel's actions (well-intended or not), it is axiomatic that the acts or omissions of counsel are visited upon the client. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, (1962). As held in *Link*, "any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Id*. at 634 (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879); *accord Cruse v. Wal-Mart Stores E., LP*, No. 23-3519, 2023 WL 9021627, at *2 (6th Cir. Sept. 20, 2023).

Finally, the parties are **FOREWARNED** that the Court may not address any further last-moment motions prior to the start of the trial given the lack of time to adequately do so.

SO ORDERED.

ENTER:

                                              s/ *Susan K. Lee*
                                              SUSAN K. LEE
                                              UNITED STATES MAGISTRATE JUDGE