UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON GUTHRIE,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:22-cv-00162-DCLC-SKL |

### DECLARATION OF CAMERON C. KUHLMAN

1. My name is Cameron C. Kuhlman and I have personal knowledge of the matters set out below. I declare under penalty of perjury that the foregoing is true and correct under 28 U.S.C. § 1746.

2. I am an attorney licensed to practice law and am admitted to the United States District Courts for the Eastern District of Tennessee, the Southern District of Georgia, the Middle District of Georgia, and the Northern District of Georgia.

3. I joined the firm Wettermark & Keith, LLC on May 29, 2023. Immediately prior to joining the firm, I was employed as an Assistant Federal Defender in the Eastern District of Tennessee.

4. I first appeared in this case as counsel for Plaintiff on July 25, 2023. Since that time, I have been primarily responsible all aspects of the litigation on behalf of Mrs. Guthrie.

5. Upon assuming responsibility for the representation of Mrs. Guthrie, I reached out to counsel for the government to introduce myself and develop a plan for prompt

completion of discovery, including production of paper discovery and scheduling of depositions.

6. As I was preparing for depositions, I discovered that Mrs. Guthrie was experiencing complications from the March 2023 knee surgery. Those complications required additional surgical intervention, which was initially scheduled for the second week in October. The total knee revision surgery ultimately was performed in December 2023.

7. Given these developments, I worked with opposing counsel to request relief from the Court's Scheduling Order in September 2023 and again in January 2024.

8. After the total knee revision surgery, I emailed opposing counsel on February 20, 2024, offering Mrs. Guthrie for a second deposition. On March 10, 2024, I again supplemented Mrs. Guthrie's Initial Disclosures to include the second knee surgery bills and on March 14, 2024, Mrs. Guthrie sat for her second deposition by agreement of counsel.

9. On April 16, 2024, I directed my paralegal, Jennifer Kinsella, to contact Dr. Freeman's office to request a deposition date. I later confirmed that Ms. Kinsella did in fact call Dr. Freeman's office and that during that call, Ms. Kinsella was directed to send an email to Jennifer Grayson, a staff member in Dr. Freeman's office.

10. I have reviewed the electronic case file, including the email Ms. Kinsella sent to Ms. Grayson at 11:00 a.m. on April 16, 2024. In the email, Jennifer Kinsella asked Jennifer Grayson to provide "3-4 dates Dr. Freeman is available for the deposition…from 04/16/2024 – 05/03/2024."

11. I have reviewed additional emails between Ms. Kinsella and Ms. Grayson, which confirm that one week later, Jennifer Grayson replied to the email, apologizing for the

delay, and asking follow up questions. Six minutes later, Jennifer Kinsella responded to that email answering the questions and renewing Plaintiff's request for dates. Two more emails followed that day confirming that the deposition would be video recorded, but Dr. Freeman's office failed to offer any dates or otherwise respond.

12. I have reviewed an additional email sent by Ms. Kinsella on May 7, 2024 to Ms. Grayson renewing Plaintiff's request for deposition dates from Dr. Freeman "as soon as possible."

13. Because I was unable to locate a reply to that email from Ms. Grayson, I reached out to her by email directly on May 16, 2024: "I'm sorry to keep bugging you, but we're still trying to get Dr. Freeman scheduled for deposition."

14. Eight days later, on May 24, 2024, I received a reply email from Ms. Grayson, but it did mention any dates that Dr. Freeman would be available, much less dates within the 3-day window remaining under the Court's Amended Scheduling Order.

15. On June 27, 2024, I received a voicemail from a different staff member of Dr. Freeman's, Jennifer Hilkert: "We got a subpoena today. I am not sure where the ball got dropped here, but I would really like to find some kind of resolution so that Dr. Freeman does not have to drive to Greeneville on July 8th," she said.

16. I immediately returned Ms. Hilkert's phone call and discussed the history of our efforts to schedule Dr. Freeman's deposition. Ms. Hilkert asked whether Dr. Freeman could be deposed at his office in Chattanooga on July 12, 2024. I replied that the deposition could not be set absent leave of court.

17. On July 2, 2024, I was contacted by counsel for Dr. Freeman seeking an agreement regarding the time, place, and manner of Dr. Freeman's deposition. I have remained in

contact with Dr. Freeman's counsel since then. As of today, July 7, 2024, I understand Dr. Freeman's position to be that, given his surgery schedule, he would strongly prefer to appear in Court for live testimony on Tuesday, July 9, 2024 by contemporaneous transmission from a different location, i.e. video. In the alternative, his schedule would permit him to sit for a videotaped deposition for proof at his office in Chattanooga on Friday, July 12, 2024.

Cameron C. Kuhlman

Date: July 7, 2024