UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| SHARON GUTHRIE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:22-CV-00162-DCLC-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Sharon Guthrie ("Plaintiff") initiated this action against the United States of America ("the Government") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671–2680 ("FTCA"). Plaintiff's claims arise from a vehicular collision which occurred in McMinn County, Tennessee on December 15, 2020, between Plaintiff's Dodge pickup truck and a United States Army Oshkosh Palletized Load System ("PLS"), operated by SSG Samuel Scott Anderson ("SSG Anderson"), a technician employed by the Tennessee National Guard. Plaintiff alleges SSG Anderson negligently caused the wreck and seeks to recover personal injury damages, property damage, and compensatory damages for pain and suffering. The Government contests liability and asserts the defense of comparative fault. The Court held a bench trial from July 8, 2024 to July 9, 2024. Pursuant to Fed.R.Civ.P. 52, the Court makes the following findings of fact and conclusions of law.

**I.     FINDINGS OF FACT**

On the morning of December 15, 2020, Plaintiff was traveling eastbound on Highway 30 in Athens, Tennessee. Ahead of Plaintiff, SSG Anderson was also traveling eastbound on

1

Case 1:22-cv-00162-DCLC-MJD    Document 141    Filed 03/31/25    Page 1 of 6
PageID #: 2246

Highway 30, test driving a PLS he performed service maintenance on. Prior to the intersection with County Road 603 and County Road 550, both parties were traveling in the left eastbound lane. At the intersection, SSG Anderson initiated a U-turn to return west to the Field Maintenance Shop. In doing so, he activated his left turn signal and slowed down. Although the intersection has a dedicated turning lane, SSG Anderson did not use the turning lane due to the size and turning radius of the PLS. Instead, he swung out to the right, partially entering the right eastbound lane of travel, and then commenced the left turn. As SSG Anderson commenced the left turn, Plaintiff attempted to pass the PLS in the left lane, resulting in a collision of both vehicles.

The collision damaged the driver's side corner of the PLS and the passenger side of Plaintiff's truck. Plaintiff was transported by ambulance from the scene of the collision to UT Medical Center, where a sonogram, CT, and x-rays were performed. The CT revealed no acute findings, and the x-rays revealed no fractures or dislocations. Plaintiff was diagnosed with acute pain and hypertension and was discharged. However, Plaintiff alleges she "suffered a meniscus tear to her right knee, a broken bone and tear to the tendon in her right foot and ankle, a tear to the cartilage in her left shoulder as well as a disc bulge to her cervical spine and lumbar spine" [Doc. 120, pg. 3]. Plaintiff further asserts that "[s]he was subjected to grueling and invasive treatments, including an atypical infection and multiple knee surgeries" and "she was unable to walk without assistance" [*Id.*].

On December 10, 2021, Plaintiff presented her claim to the Department of the Army Tort Claims Division and, on February 16, 2022, the Army denied her claim. Having exhausted her administrative remedies, Plaintiff initiated the instant action alleging that SSG Anderson's negligence caused the collision and her injuries.

2

## II. CONCLUSIONS OF LAW

The FTCA provides a waiver of sovereign immunity for a plaintiff to bring state-law tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances," to the extent that those tort claims arise from the acts of federal employees acting within the scope of their employment. 28 U.S.C. § 2674; *see Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995). "The liability of the United States in actions under the [FTCA] is governed by the law of the place where the alleged tort occurred." *Ward v. United States*, 838 F.2d 182, 184 (6th Cir. 1988) (citation omitted). Here, the parties stipulated that SSG Anderson was acting in his capacity as an employee of the United States as a technician employed by the Tennessee National Guard under 32 U.S.C. § 709 [Doc. 120, pg. 2]. Because the collision at issue took place in Tennessee, Tennessee substantive law applies.

Under Tennessee law, a negligence claim requires proof of the following elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009). "The first element, that of duty, . . . is the legal obligation of a defendant to conform to a reasonable person's standard of care in order to protect against unreasonable risks of harm." *Id*. "The standard of conduct expected of a reasonable person may be prescribed in a statute and, consequently, a violation of the statute may be deemed to be negligence per se." *Cook By & Through Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 937 (Tenn. 1994). "The effect of declaring conduct negligent per se is to render the conduct negligent as a matter of law" but "[p]laintiffs in negligence per se cases must still establish causation in fact, legal cause, and damages." *Rains v. Bend of the River*, 124 S.W.3d 580, 590 (Tenn. Ct. App. 2003).

3

Case 1:22-cv-00162-DCLC-MJD   Document 141   Filed 03/31/25   Page 3 of 6
PageID #: 2248

Here, SSG Anderson failed to use the designated turning lane when initiating the U-turn to return to the field maintenance shop, in violation of Tenn. Code Ann. § 55-8-140, which provides that that "[w]here a special lane for making left turns by drivers proceeding in opposite directions has been established . . . [a] left turn shall not be made from any other lane unless a vehicle cannot safely enter the turn lane[.]" Tenn. Code Ann. § 55-8-140(5)(A). Although the PLS required a wider turning radius, the evidence at trial established that he could have safely completed the U-turn had he entered the turning lane and allowed Plaintiff to pass before swinging out to the right to initiate the turn. To be sure, however, SSG Anderson signaled that he was turning left, and Plaintiff disregarded the signal by attempting to pass him in the left lane, in violation of Tenn. Code Ann. § 55-8-143(e) ("Drivers receiving a signal from another driver shall keep their vehicles under complete control and shall be able to avoid an accident resulting from a misunderstanding of the signal."). It is further established that SSG Anderson's act of turning left after swinging out into the right lane and Plaintiff's conduct of attempting to pass the PLS in the left lane directly caused the collision which resulted in damage to both vehicles and Plaintiff's alleged personal injuries.

Based on the foregoing, both Plaintiff and SSG Anderson were negligent per se. Thus, the Court must apportion fault. If Plaintiff's own negligence is equal to or greater than that of SSG Anderson, she is barred from recovering. *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992) (adopting the "modified comparative fault" system in Tennessee). The Supreme Court of Tennessee has instructed that "the percentage of fault assigned to each party should be dependent upon all the circumstances of the case" but the following factors can be considered:

> (1) the relative closeness of the causal relationship between the conduct of the defendant and the injury to the plaintiff; (2) the reasonableness of the party's conduct in confronting a risk, such as whether the party knew of the risk, or should have known of it; (3) the extent to which the defendant failed to reasonably utilize

4

Case 1:22-cv-00162-DCLC-MJD   Document 141   Filed 03/31/25   Page 4 of 6
PageID #: 2249

> an existing opportunity to avoid the injury to the plaintiff; (4) the existence of a sudden emergency requiring a hasty decision; (5) the significance of what the party was attempting to accomplish by the conduct, such as an attempt to save another's life; and (6) the party's particular capacities, such as age, maturity, training, education, and so forth.

*Eaton v. McLain*, 891 S.W.2d 587, 592 (Tenn. 1994). The foregoing is, however, not an exclusive list and fact finders are directed to "rely upon their common sense and ordinary experience in apportioning fault." *Id*. at 593.

Based upon the relevant factors and the circumstances of the collision as a whole, the Court finds that Plaintiff and SSG Anderson were each fifty percent (50%) at fault. First, both parties' conduct directly and proximately caused the collision. SSG Anderson, despite acknowledging that Plaintiff was traveling behind him and with knowledge that he was not going to use the designating turning lane due to the turning radius of the PLS, occupied both eastbound lanes of the highway and initiated the left turn without ensuring that he could safely make the intended maneuver. As for Plaintiff, she attempted to pass the PLS in the left lane despite the fact that SSG Anderson slowed down, activated his left turn signal, and had not completely transitioned to the right lane.

Additionally, both parties should have known of the risk of a collision and neither reasonably confronted the risk. SSG Anderson should have recognized that occupying all lanes of travel to complete a U-turn would create a risk of a collision. Similarly, due to the slowing speed of the PLS and the left turn signal, Plaintiff should have recognized that passing the PLS in the left lane created a risk of a collision. Despite the foregoing, SSG Anderson unreasonably expected all other vehicles to yield to him as he completed the maneuver and Plaintiff unreasonably attempted to pass the PLS, assuming he was transitioning to the right lane. There was also no sudden emergency that required a hasty decision on behalf of either party and there was no significance of what Plaintiff and SSG Anderson were attempting to accomplish by their conduct.

Based on the facts presented, SSG Anderson was simply attempting to return to the field maintenance shop and Plaintiff was impatiently trying to pass him. In sum, neither conformed to their duty to exercise due care in the operation of their vehicles [*See* Doc. 120, pg. 2]. Accordingly, the Court finds that both parties are equally at fault. Under Tennessee's modified comparative fault system, Plaintiff is barred from recovering.

### III.  CONCLUSION

For the reasons stated herein, Plaintiff is barred from recovering in this action under Tennessee's modified comparative fault system. Accordingly, this action is **DISMISSED**. A separate judgment shall enter.

**SO ORDERED:**

s/Clifton L. Corker<br>
United States District Judge